# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CLYDE A. THOMAS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-CV-458 JCH |
| ) | |
| EPWORTH CHILDREN AND FAMILY ) | |
| SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Clyde A. Thomas' motion for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. After reviewing plaintiff's financial information, the Court will grant plaintiff's motion for leave to proceed without payment of the filing fee. Additionally, the Court has reviewed the complaint and will dismiss it for lack of jurisdiction.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible

claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this civil action against defendants Epworth Children and Family Services and Children's Permanency Partnership. He appears to invoke this Court's jurisdiction on the basis of diversity of citizenship. Plaintiff, Clyde Thomas, Jr., avers that he is a citizen of the State of Missouri and that defendants are Missouri corporations with principal places of business in Missouri. However, he does not state an amount in controversy. However, plaintiff seeks $250,000 in total damages in this action.

Plaintiff states that defendants have acted unlawfully in negligence, defamation, and breach of contract. Plaintiff also states that defendants have acted in an unethical and biased manner, "due to being a service provider."

In his statement of claim, plaintiff states in full:

> I am dealing with 2 Family Services to get custody of my son who they currently have custody of. Miss Fisher the Case Manager for both company's use and keep using unethical bias and discriminatory practices while slandering my name and while violating the Rules and laws of Public Accommodation and while using the state court's laws and rules wrong. I suffer mental and emotions and financial damages. One person who works for two companies.

Plaintiff asserts that he is seeking compensation for mental and emotional distress, as well as financial damages.

Although plaintiff has not specifically stated that he is seeking intervention in his child custody matter, it is clear that plaintiff seeks this Court's intervention in a state court child custody matter by attacking the veracity of the Caseworkers involved in the placement of his son.

## Discussion

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). The Court has the duty to determine its jurisdiction and raise the issue of subject matter jurisdiction *sua sponte*, if necessary. *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Plaintiff claims that he is bringing the present lawsuit pursuant to 28 U.S.C. § 1332, or under the Court's diversity jurisdiction. However, because both he and defendants are all citizens of the same state (Missouri) there is not complete diversity of citizenship. Therefore, this Court lacks jurisdiction over this matter.

Additionally, because it appears that plaintiff wishes this Court to intervene in a child custody matter, plaintiff's complaint is subject to dismissal under the domestic relations exception to federal court jurisdiction. *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic

relations exception . . . divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody.").

Generally, federal courts have no jurisdiction over domestic relations matters. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *In re Burrus*, 136 U.S. 586, 593-94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the state and not to the laws of the United States."). Rather, state courts have exclusive jurisdiction over these matters. *Ankenbrandt*, 504 U.S. at 703-04; *Firestone v. Cleveland Tr. Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981) ("Even when brought under the guise of a federal question action, a suit whose subject is domestic relations generally will not be entertained in federal court."). Although this domestic relations exception to federal jurisdiction does not apply to a civil action that merely has domestic relations overtones, federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues. *See, e.g.*, *Drewes v. Ilnicki*, 863 F.2d 469, 471 (6th Cir. 1988).

Moreover, plaintiff has given no indication that his claims could not have received a full and fair determination in state court, and it would appear that the state court, where the custody proceedings were held, would be better equipped to handle the issues that have arisen in the course of plaintiff's interactions with defendants. *See Overman v. United States*, 563 F.2d 1287, 1292 (8th Cir. 1977) (There is, and ought to be, a continuing federal policy to avoid handling domestic relations cases in federal court in the absence of important concerns of a constitutional dimension. Such cases touch state law and policy in a deep and sensitive manner, and as a matter of policy and comity, these local problems should be decided in state courts.") (internal citations omitted).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**.  [ECF No. 2]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the Court lacks jurisdiction over this matter.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**.  [ECF No. 3]

An appropriate Order of Dismissal will accompany this Memorandum and Order.

Dated this 12th day of May, 2021.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE